UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY TODD KNUDSON,

        Plaintiff,

                                  Case No. 14-14854

vs.

                                  HON. GEORGE CARAM STEEH

M/V AMERICAN SPIRIT, et al.,

        Defendants.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. 93], DENYING PLAINTIFF'S CONTINGENT MOTIONS FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY [DOC. 95], AND DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OR CERTIFICATION OF INTERLOCUTORY APPEAL [DOC. 92]

    This matter has come before the court on plaintiff Jeffrey Knudson's motion for reconsideration of this court's August 30, 2017 opinion and order insomuch as the order dismissed plaintiff's claim for punitive damages for personal injury caused by unseaworthiness. Plaintiff also filed a contingent motion to certify order for interlocutory appeal and to stay proceedings pending appeal. Also before the court is defendants', American Steamship Company and Liberty Steamship Company, motion for reconsideration or alternatively for certification of interlocutory appeal.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

In its August 30, 2017 order, the court concluded that punitive damages are not available in unseaworthiness actions and granted defendants' motion for partial judgment on the pleadings. The court relied on the Sixth Circuit case *Miller v. American President Lines*, 989 F.2d 1450 (6th Cir. 1993), which held that punitive damages are not available in unseaworthiness actions for wrongful death. Plaintiff's case alleges an unseaworthiness claim for nonfatal personal injuries, but not wrongful death. Plaintiff urges the court to reconsider its reliance on *Miller*, and to recognize that punitive damages are available in unseaworthiness actions involving personal injury. For the reasons explained below, the court agrees with plaintiff and grants his motion for reconsideration.

In its order, the court also held that punitive damages are recoverable for maintenance and cure, finding an issue of fact whether defendants in

this case acted in bad faith with regard to the delay in paying maintenance benefits.  Defendants have moved for reconsideration of the court's denial of their motion for partial judgment on the pleadings on this issue.  As explained below, the court denies defendants' motion for reconsideration.

The Supreme Court addressed the issue of when punitive damages could be sought in admiralty cases in *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009).  The Court looked at the history of the law prior to the enactment of the Jones Act in 1920, concluding that punitive damages were a generally available remedy at common law.  The Court then recognized that the common law tradition of punitive damages extends to maritime claims.  *Id*. at 414.  The Jones Act created a statutory cause of action for negligence, which did not exist at common law.  Importantly, the Jones Act did not eliminate pre-existing remedies available to seamen, including maintenance and cure and unseaworthiness.   The *Townsend* Court was concerned with a cause of action for maintenance and cure, and found no evidence in either common law or statute that such claims were excluded from the general admiralty rule allowing the recovery of punitive damages for an employer's willful and wanton disregard of its obligations.  *Id*. at 414-15.

The Court looked to one of its earlier cases, *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), which was concerned with whether general maritime law provided a cause of action for wrongful death based on unseaworthiness. The general maritime rule at common law denied any recovery for wrongful death. The legislature passed the Jones Act and the Death on the High Seas Act ("DOHSA") to replace that rule and recognize an admiralty cause of action for wrongful death. However, Congress limited the damages available for wrongful death to those specifically provided in the two acts. Because the cause of action was created by Congress, the Court held that the damages recoverable are those specified by Congress. *Id*. at 32-36. For example, damages for wrongful death actions under the Jones Act and DOHSA are not available for loss of society or loss of future earnings, because such damages are not provided in the statutes. It follows that courts cannot look to common law remedies, like punitive damages, for the statutorily created action of wrongful death based on unseaworthiness. *Townsend*, 404 U.S. at 420

The T*ownsend* Court applied the principle from *Miles* and looked at whether "the general maritime cause of action (maintenance and cure) and the remedy (punitive damages) were well established before the passage of the Jones Act." *Townsend*, 557 U.S. at 420. The Court found that both

were well established, and that "Congress has [not] spoken directly" to the matter. *Id*. (citations omitted). "The availability of punitive damages for maintenance and cure actions is entirely faithful to these 'general principles of maritime tort law,' and no statute casts doubt on their availability under general maritime law." *Id*. at 421.

The Sixth Circuit, in *Miller*, addressed the issue whether punitive damages are recoverable in a general maritime unseaworthiness action for wrongful death. The court applied the reasoning of *Miles* in holding that punitive damages are not recoverable because the cause of action for wrongful death is created by statute, so only those damages provided by statute are recoverable. This court relied on the holding in *Miller* when it granted defendants' motion for partial judgment on the pleadings and found that punitive damages were not available in Mr. Kundson's unseaworthiness action. However, the case before this court is distinguishable from *Miller* in that Knudson's claim is not one for wrongful death, but rather for personal injuries due to unseaworthiness.

General unseaworthiness claims involving personal injury, as opposed to wrongful death, were recognized at common law prior to the Jones Act. Furthermore, as discussed above, punitive damages were available for maritime claims at common law. Congress has not legislated

to limit recovery of nonpecuniary loss in a seaman's action for non-fatal injuries. Applying the reasoning of *Townsend* and *Miles*, plaintiff in this case may seek punitive damages for personal injuries in his unseaworthiness claim against defendants. This result is not inconsistent with the holding of *Miller* which is limited to an unseaworthiness case involving wrongful death.

The same reasoning supports the court's prior opinion concluding that plaintiff can pursue his claim for punitive damages due to defendants' alleged bad faith delay in paying maintenance benefits. The court is not of the opinion that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

Now, therefore,

IT IS HEREBY ORDERED that plaintiff's motion for reconsideration is GRANTED.

IT IS HEREBY FURTHER ORDERED that plaintiff's contingent motions to certify order for interlocutory appeal and to stay proceedings pending appeal are DENIED.

IT IS HEREBY FURTHER ORDERED that defendant's motion for reconsideration or alternate motion for certification of interlocutory appeal is DENIED.

It is so ordered.

Dated: October 24, 2017

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
October 24, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk