UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY TODD KNUDSON,

    Plaintiff,                      No. 14-14854

v.                                    District Judge George Caram Steeh
                                          Magistrate Judge R. Steven Whalen

AMERICAN STEAMSHIP COMPANY,
ET AL.,

    Defendants.
_____/

**OPINION AND ORDER**

This is a seaman's personal injury action brought under the Jones Act, 46 U.S.C. § 30104.[1] Before the Court is Defendant's Motion to Strike Untimely Expert Reports of Paul Macellari and Maureen Ziegler and Related Testimony [Doc. #80]. For the reasons discussed below, the motion will be GRANTED IN PART AND DENIED IN PART, specifically, GRANTED as to Maureen Ziegler and DENIED as to Paul Macellari.

**I.    FACTS**

Mr. Knudson, a seaman who was employed on Defendant's vessel, was injured during the course of his employment as the result of a fall from a height of 30 feet.

Consequently, the nature and extent of his injuries and work limitations, as well as the prognosis and course of required treatment, are at issue. Both parties have retained experts to address these and other issues.

The Court's latest stipulated scheduling order [Doc. #30] set the following dates:

Plaintiff's expert disclosure–June 6, 2016

---

[1] Formerly 46 U.S.C. § 688.

Defendant's expert disclosure–September 15, 2016

Rebuttal expert disclosures:–November 1, 2016

Discovery cut-off–April 14, 2017.

The order also provided that "[n]o further requests to adjourn dates by stipulation will be granted."

Plaintiff timely filed his initial expert disclosure on March 9, 2016. The disclosure identified a number of experts, including Dr. Paul Macellari, a neuropsychologist, Dr. Kevin Krystal, a physical therapist, as well as a vocational rehabilitation expert and the Plaintiff's primary care physician. It did not identify occupational therapist Maureen Ziegler. Plaintiff did not provide a written report from Dr. Macellari at that time, but provided a written report, dated October 27, 2016, on November 1, 2016. Defendant characterizes this as a "rebuttal report."[2] As such, it was filed timely under the scheduling order.

Dr. Macellari subsequently prepared a supplemental report, dated December 29, 2016, which was provided to defense counsel on March 20, 2017. It is this supplemental report that Defendant seeks to exclude. Defendant argues that "Dr. Macellari's supplemental report and Ms. Ziegler's functional capacity evaluation change the nature of the claims tht the plaintiff intends to pursue at trial...." *Motion*, at 8, Pg. ID 1695.

## II. DISCUSSION

Fed.R.Civ.P. 26(a)(2)(B) provides for the disclosure of written expert reports, and Rule 26(a)(2)(C) directs that the reports be disclosed "at the time and in the sequence

---

[2] Defendant states, "On November 1, 2016, the plaintiff provided a rebuttal expert witness disclosure, identifying Dr. Macellari as an expert witness who *does* provide a written report....The plaintiff provided an initial report from Dr. Macellari, dated October 27, 2016." *Motion* [Doc. #80], at 8, Pg. ID 1695 (emphasis in original).

directed by the court." In this case, the time for initial disclosure of Plaintiff's expert reports was June 6, 2016, and for rebuttal report November 1, 2016. In addition, Fed.R.Civ.P. 26(e)(2) provides for supplementation of the reports that were produced under Rule 26(a)(2)(B):

> "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."

A failure to timely disclose an expert report under Rule 26(a)(2)(B) brings Rule 37(c)(1) into play. That Rule provides that "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See R C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d 262, 271 (6th Cir.2010)(("Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.")(Citations omitted). The exclusion of untimely disclosed expert testimony is entrusted to the court's broad discretion. *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000)((citing *Trilogy Comm'n v. Times Fiber Comm'n,* 109 F.3d 739 (Fed.Cir.1997)).

The Defendants argues, in effect, that neither Macellari's nor Zeigler's reports can be considered "supplemental reports" under Rule 26(e), but are instead untimely expert disclosures and reports that are excludable at trial.[3] A central question is therefore

---

[3] Defendant argues, "A party cannot avoid discovery sanctions by casting an otherwise untimely disclosure merely as a supplement under Rule 26(e)." *Motion*, at 11, Pg. ID 1698.

whether either report can be considered a true supplemental report. If it cannot, then it is excludable under Rule 37(c)(1).

### A. Dr. Macellari

The parties disagree about the reasons Dr. Macellari's most recent report was not produced earlier. The Plaintiff contends that Macellari was unable to complete his examination earlier because Defendants improperly refused to authorize payment for a referral to Dr. Macellari, a referral made by Plaintiff's treating physician, and failed to provide critical test data to Dr. Macellari. Plaintiff argues that therefore, Defendants were improperly withholding payments for maintenance and cure. Defendants, on the other hand, argue that they are entitled to investigate and obtain corroboration for a claim of maintenance and cure, and are not required to immediately commence payment.

If the report that was disclosed on March 20, 2017 is, in fact, a proper supplemental report under Rule 26(e)(2), that is, if it was in supplementation of Dr. Masellari's November 1, 2016 rebuttal report (which was itself timely filed), then it is unnecessary to decide whether or not Defendants improperly delayed payment. Under Rule 26(a)(3)(B), pretrial disclosures must be made at least 30 days before trial "[u]nless the court orders otherwise." At the time Dr. Macellari's report was disclosed on March 20, 2017, trial was scheduled for June 6, 2017. *Scheduling Order* [Doc. #30]. In this case, the operative date for disclosure of supplemental expert reports would have been May 6, 2017. If considered a true supplemental report, Dr. Macellari's March 20 report was timely.

In *Eiben v. Gorilla Ladder Co.*, 2013 WL 1721677 (E.D.Mich. 2013), Judge Rosen identified a number of factors that would justify supplementation of an expert's report under Rule 26(e)(2), including responding to an opposing expert's criticism of gaps

in the reasoning of a report, correcting errors or inaccuracies, or even changing an opinion:

> "The narrow reasons for permissible supplementation under Rule 26(e)(1) simply do not exist here. This is not a situation in which a party sought to supplement a report to correct a late-in-the-day error or inaccuracy in its reasoning. *See, e.g., Minebea Co., Ltd. v. Papst,* 231 F.R.D. 3 (D.D.C.2005) (permitting error correction via supplementation). Nor is this a case in which supplementation would serve as a response to an opposing expert's pointing out gaps in Morse's chain of reasoning. *See, e.g., Miller v. Pfizer, Inc.,* 356 F.3d 1326, 1332 (10th Cir.2004). *This is not even a case in which supplementation would reflect an expert's changed opinion. See Fed.R.Civ.P. 26 Advisory Committee Notes, 1993 Amendments, Subdivision (e) ( 'changes in the opinions expressed by the expert whether in the report or at a subsequent deposition are subject to a duty of supplemental disclosure under [Rule 26(e)(1) ]').*" *Eiben* at \*6 (emphasis added).

Even if considered a "change of opinion," as Defendants argue, Plaintiff had a right and duty to supplement under Rule 26(e)(1). Dr. Macellari's March 20 report is also properly considered a rebuttal of, and therefore responsive to, the Defendants's expert report.

I find that Dr. Macellari's March 20, 2017 report does qualify as a supplemental report under Rule 26(e)(2), and should not be stricken.

### B.  Maureen Ziegler

On March 20, 2017, the same day Plaintiff produced Dr. Macellari's supplemental report, he produced for the first time a report by occupational therapist Maureen Ziegler. Unlike Dr. Macellari, Ms. Ziegler did not previously file an expert report.

In *Gilbane Bldg. Co. v. Downers Grove Community High School District No. 99*, 2005 WL 838679 (N.D. Ill. 2005), the plaintiff served a supplemental report that had been prepared by an expert who had not prepared the initial report. This new expert was asked to make information in the original report " 'more definitive by expanding upon it with greater detail, providing further justification.'" *Id.* at \*9.  The court rejected the

plaintiff's argument that this was proper supplementation under Rule 26(e), stating that "the concept of a supplemental report suggests that the supplemental opinions will be the opinions of the expert who prepared the original report, not the opinions of a different expert." *Id.* Citing the requirement of Rule 26(a)(2) that a party must timely disclose the report of an expert witness who will testify at trial, the court stated, "It logically follows that a supplemental report—the purpose of which is to disclose modifications to the substance of the expert's testimony—should disclose what the testimony of the originally-disclosed expert will be, not what the testimony of a different witness will be." *Id. See also Noffsinger v. The Valspar Corp.*, 2011 WL 9795, *3 (N.D.Ill. 2011)(citing *Gilbane*, and stating, "A new expert, especially one who conducts new tests and writes a new report, is not 'supplementation'"); *In re Enron Corporation Securities, Derivative & ""Erisa" Litigation* 2007 WL 5023541, 8 -11 (S.D.Tex. 2007)(finding subsequent report prepared by a different expert was not a proper supplemental report).

I consider the *Gilbane* analysis persuasive, and find that Ms. Ziegler's report cannot be considered a supplemental report, but rather constitutes a previously undisclosed and grossly untimely new report. Therefore, under Rule 37(c)(1), the report is admissible only if the failure to disclose it was substantially justified or if its admission would be harmless.

I do not find that the failure to disclose earlier was substantially justified. The date for Plaintiff's initial expert disclosures was September 15, 2016, with rebuttal disclosures due on November 1, 2016. Given the issues in this case, and the fact that is has been pending since December of 2014, there is no reason that Plaintiff could not have disclosed his expert in occupational therapy by September of 2016, and certainly by November of 2016.

The lengthy delay in disclosing the Ziegler report is also prejudicial. Late in the game, Plaintiff proffered the report of a previously unidentified and undeposed expert witness, suggesting the appearance of a "lying in wait" strategy. As the Court stated in *Olmstead,* 606 F.3d at 271, "Under Rule 26(a), a report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial...." Permitting the Ziegler report would lead to yet another round of expert depositions, increasing the delay and the expense to Defendants.

Therefore, I will order the Ziegler report stricken, and Ms. Ziegler herself will not be permitted to testify in Plaintiff's case-in-chief. However, Plaintiff states that three of his other experts–Dr. Kristl, Vocational Expert Dr. Ancell, and his expert economist–relied in part on Ms. Ziegler's evaluations. Defendants do not object to these three experts, and the fact that they may have relied on Ziegler's clinical evaluation does not impinge on the admissibility of their testimony. Therefore, it should be made clear that striking the Ziegler report and precluding the testimony of Ms. Ziegler will not work to bar any otherwise admissible testimony from these witnesses.[4]

### III. CONCLUSION

Defendant's Motion to Strike Untimely Expert Reports of Paul Macellari and Maureen Ziegler and Related Testimony [Doc. #80] is GRANTED IN PART and DENIED IN PART, under the terms discussed in this Opinion and Order.

The motion is DENIED as to Dr. Paul Macellari.

The motion is GRANTED as to occupational therapist Maureen Ziegler.

---

[4] To the extent that Defendants open the door to information from Ziegler in their cross-examinations of Plaintiff's experts, Plaintiff may have a basis to call her as a rebuttal witness. That issue, however, is not ripe, and is not before the Court at this time.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　s/ R. Steven Whalen
　　　　　　　　　　　　　　　　R. STEVEN WHALEN
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
Dated: February 15, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 15, 2018, electronically and/or by U.S. mail.

　　　　　　　　　　　　　　　　s/Carolyn M. Ciesla
　　　　　　　　　　　　　　　　Case Manager to the
　　　　　　　　　　　　　　　　Honorable R. Steven Whalen