UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY TODD KNUDSON,

        Plaintiff,

                                        Case No. 14-14854

vs.

                                        HON. GEORGE CARAM STEEH

M/V AMERICAN SPIRIT, et al.,

        Defendants.
_____/

ORDER DENYING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE
JUDGE'S DECISION [DOC. 107] AND DENYING PLAINTIFF'S
OBJECTIONS TO THE MAGISTRATE JUDGE'S DECISION [DOC. 120]

This matter comes before the court on objections by both parties to the magistrate judge's decision granting in part and denying in part defendants' motion to strike plaintiff's untimely expert opinions. On June 13, 2017 defendants American and Liberty Steamship Companies filed a motion in limine to strike as untimely the expert opinions of plaintiff's occupational therapist Maureen Ziegler and plaintiff's neuropsychologist Dr. Paul Macellari, Ph.D. The motion was referred to the magistrate judge who issued an opinion and order granting the motion in part and denied it in part. The magistrate struck the report of Ms. Ziegler as untimely and held that she could not testify at trial. He explained that the holding did not preclude the testimony of plaintiff's other experts who may have relied on

Ziegler's evaluations in formulating their own conclusions. Regarding Dr. Macellari's second report, the magistrate judge concluded that it was akin to a supplemental report and ruled Dr. Macellari could testify as to the opinions contained in that report. Defendants filed a motion for clarification of the magistrate judge's opinion seeking additional discovery regarding Dr. Macellari's report and proposed testimony. The magistrate judge extended the discovery period 70 days to cure any prejudice defendants might have suffered as a result of his denial of their motion to strike Dr. Macellari's testimony.

The matter is presently before the court on issues stemming from the magistrate judge's opinion and order and subsequent extension of discovery. Defendants' objections to the magistrate judge's opinion and order ask this court to strike entirely both Dr. Macellari's second report and any accompanying testimony, as well as to strike any reference by any witness to Ms. Ziegler's untimely disclosed opinions. Plaintiff's objections ask this court to overrule the additional discovery ordered by the magistrate judge, or alternatively to allow the expert opinion of Maureen Ziegler and permit both sides to use the extension of the discovery period to conduct further discovery.[1]

---

[1] Plaintiff requests that its objections be considered on an expedited basis to avoid a change in the trial schedule. The court explained to the parties during a telephone conference that an adjournment of trial was unavoidable due to matters on the court's criminal docket.

A party may file objections to a magistrate judge's ruling on a nondispositive pretrial matter within 14 days. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.* The district court reviews a magistrate judge's decision for abuse of discretion and must modify or set aside any part of the order that "is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly unreasonable or arbitrary." *Soto v. ABX Air, Inc.*, E.D. Mich. No. 07-CV-11035, 2010 WL 4539454, *2 (Nov. 3, 2010) (citing *Youn v. Track, Inc.*, 324 F.3d 409 (6th Cir. 2003)).

I. *Defendants' Objections*

The evidence shows that plaintiff met with Dr. Macellari on May 31, 2016, October 26, 2016, and December 29, 2016. There was a lengthy delay between Dr. Kristl's referral in May 2016 and the evaluation and testing by Dr. Macellari due to defendants' refusal to authorize evaluation and treatment. Nevertheless, plaintiff was eventually evaluated by Dr. Macellari, who produced two reports with his findings. The first report, dated October 27, 2016, was provided to defendants on November 1, 2016 and has been characterized as a timely rebuttal expert report. Following testing and further examination of plaintiff, Dr. Macellari produced his second report on December 29, 2016. This second report was provided to

defendants on March 20, 2017 and is one of the subjects of defendants' objections.

The purported reasons that the report was untimely are many. Defendants initially refused to authorize the referral without further explanation from Dr. Kristl. That explanation took a long time to obtain but was eventually provided. Then there was a delay in plaintiff being scheduled for examination by Dr. Macellari in December 2016. Finally, Dr. Macellari did not author his report until March 20, 2017.

Plaintiff points out that defendants were in possession of Dr. Macellari's report prior to taking the depositions of the defense experts and could have had those experts respond. At the time of defendants' motion in limine to strike Dr. Macellari's report as untimely, the original date for trial in this matter was adjourned for over six months. In the interim, defendants sought no further discovery regarding the information contained in Dr. Macellari's reports. Dr. Macellari's second report includes his opinion that plaintiff has experienced some form of traumatic brain injury. The court finds that the additional discovery allowed by the magistrate judge cures any error or prejudice that may otherwise result from allowing testimony from plaintiff's expert whose report was provided after the deadline set by the court.

Defendants' second objection relates to the portion of the magistrate judge's order striking Ms. Ziegler's expert opinion but allowing other experts who relied on her evaluation to provide testimony in the case. A functional capacities evaluation ("FCE") is the type of information regularly relied upon by experts in the fields represented in this case. Contrary to defendants' argument, in relying on Ms. Ziegler's FCE, it has not been demonstrated that the other experts have parroted or incorporated her opinion as to subjects outside their area of expertise. To the extent this occurs at trial, the court of course will be able to address any objections at that time.

The court overrules defendants' objections to the magistrate judge's order.

II.     *Plaintiff's Objections*

Plaintiff filed objections to the magistrate judge's order granting 70 additional days of discovery to defendants regarding Dr. Macellari's report and proposed testimony. Plaintiff's reason for objecting is that the delay in filing Dr. Macellari's report was entirely due to the actions of defendants. The court finds that the additional discovery is necessary to level the playing field and cure any prejudice that would result from permitting plaintiff to utilize the expert report and testimony filed after the discovery deadline. Anticipating the court's decision, plaintiff makes the alternative argument that because discovery has been extended, Ms. Ziegler's expert

opinion should not be excluded as ruled by the magistrate judge. This objection is untimely, as it was not filed within 14 days of the magistrate judge's opinion and order. Plaintiff's final argument is that he should also be permitted to conduct discovery during the extension of the discovery cutoff. However, plaintiff does not specify what discovery he seeks to conduct, so his request is denied.

The court overrules plaintiff's objections to the magistrate judge's order. Now, therefore,

IT IS HEREBY ORDERED that defendants' objections to the magistrate judge's order are DENIED.

IT IS HEREBY FURTHER ORDERED that plaintiff's objections to the magistrate judge's order are DENIED.

Dated: April 5, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
April 5, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk