UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY TODD KNUDSON,

    Plaintiff,

vs.

Case No. 14-CV-14854

HON. GEORGE CARAM STEEH

M/V AMERICAN SPIRIT, et al.,

    Defendants.
_____/

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [ECF NO. 141] AND DENYING DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 138]

This matter has come before the court on defendants American Steamship Company's and Liberty Steamship Company's motion for reconsideration of this court's January 31, 2019 opinion and order granting plaintiff's motion for partial summary judgment on the pleadings (ECF No. 140). For the reasons stated below, defendants' motion for reconsideration is DENIED.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either

expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Defendants submit two palpable errors in their motion for reconsideration. First is that the court failed to adequately address defendants' federal labor law arguments regarding whether defendants were legally able to pay plaintiff more than $8 a day in maintenance when that was the amount set in the Terms and Conditions. In fact, the court considered all of defendants' arguments in concluding that plaintiff was not covered by a collective bargaining agreement negotiated by a union. Thus, by implication, the court did not accept defendants' argument that federal labor law prevented them from paying a reasonable rate of maintenance to plaintiff when union workers would have been bound by the rate set by the Terms and Conditions. In finding that plaintiff can seek punitive damages, the court has not foreclosed defendants from arguing that punitive damages are inappropriate because defendants believed at the time they were bound by law to pay the contractually set amount.

Second, defendants argue that the court failed to address their request for judgment as a matter of law on the punitive damages component of plaintiff's maintenance and cure claim. Indeed, defendants

did style their pleading as a response to plaintiff's motion for partial summary judgment and cross-motion for partial summary judgment. (ECF No. 138) In granting plaintiff's motion for partial summary judgment, the court concluded that the $8 a day maintenance rate was unenforceable and that plaintiff could seek punitive damages for his maintenance claim, limited to the two-year period beginning immediately following his accident and ending when defendants began paying plaintiff $45 a day. (Order, Jan. 17, 2019, ECF No. 140) By implication, the court consequently denied defendants' motion for partial summary judgment seeking a declaration that the contracted for maintenance rate was enforceable. The court will correct the record, but notes that this does not result in a different disposition of the case. Now, therefore,

IT IS HEREBY ORDERED that defendants' motion for reconsideration is DENIED.

IT IS FURTHER ORDERED that defendants' cross-motion for partial summary judgment is DENIED.

It is so ordered.

Dated: February 26, 2019

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on February 26, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk