UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY TODD KNUDSON,

    Plaintiff,

              Case No. 14-14854

vs.

              HON. GEORGE CARAM STEEH

M/V AMERICAN SPIRIT, et al.,

    Defendants.
_____/

ORDER REGARDING MOTIONS IN LIMINE
[ECF NOS. 144, 145, 146, 148, 149, 150, 151, 152,
153, 154, 155, 157-2, 157-3, 157-4, 157-7, 157-8, 157-9, 157-10]

This matter has come before the court on various motions in limine filed by both parties. The court heard oral argument by the parties on some of the motions on March 18, 2019 and does not believe that oral argument will aid its determination as to the other motions.

Defendants move to exclude the opinion testimony of Robert Ancell [ECF NO. 144] as going beyond his area of expertise and as being duplicative of other witnesses. The court holds that Ancell will be permitted to testify about the relevant job market and may give his opinion about what jobs are available for plaintiff in light of the clearly established limitations identified by the doctors who have examined plaintiff. Ancell

- 1 -

will not be permitted to interpret the medical reports, as that is beyond his expertise. The motion in limine is GRANTED in part AND DENIED in part.

Defendants move to exclude the opinion testimony of Lani Granum [ECF NO. 145] as diagnosing plaintiff's conditions. As a licensed clinical social worker, plaintiff may elicit Ms. Granum's testimony regarding her "evaluation, treatment and prevention of mental and emotional disorders." The motion in limine is DENIED, subject to appropriate objections at trial.

Defendants move to exclude Dr. Michael Thomson's testimony regarding plaintiff's alleged future economic losses [ECF NO. 146]. Defendants' arguments, that Thomson's assumptions are speculative, and that he lacks credibility, can be demonstrated to the jury on cross-examination. Defendants' motion in limine is DENIED.

Defendants move to exclude reference to prior, unrelated and allegedly negligent acts of Jon Olney [ECF NO. 148]. This motion is not opposed by plaintiff. The court GRANTS defendants' motion.

Defendants move to exclude testimony of Dalton Bertrand and to exclude evidence of other incidents involving the landing chair [ECF NO. 149]. The prior incident involving Mr. Cook occurred over 20 years ago and was not substantially similar to the circumstances of plaintiff's accident. The subsequent incident involving Mr. Bertrand occurred four months after

plaintiff's accident and is not relevant to demonstrate that plaintiff's accident was foreseeable. The court GRANTS defendants' motion.

Defendants move to exclude evidence of subsequent remedial measures [ECF NO. 150] Evidence of subsequent remedial measures is not admissible to prove negligence, culpable conduct, a defect in a product or design, or a need for a warning or instruction. FRE 407. Such evidence may be admitted for impeachment, which is what plaintiff seeks regarding Mr. Anderson's testimony that the lowering chair was safe and did not require a fall protection device. However, Mr. Anderson's testimony was directed to the time period of plaintiff's accident, not anything that occurred after. The public policy of encouraging remedial safety practices to be implemented to improve safety favors excluding the evidence in this case. Finally, plaintiff argues that defendants had a pre-existing safety rule in place for unprotected free-fall risks over six feet, and the subsequent safety measures adopted brought defendants into compliance with their own rule. However, there is no evidence to support plaintiff's theory that the pre-existing safety rule applies to the lowering chair. In fact, Anderson testified that rule applies where there is a risk of a free-fall into an uncovered hole. (Anderson dep., p. 56). Defendants' motion is GRANTED.

Defendants move to exclude evidence of the reasonable costs of living in South Bend, Indiana [ECF NO. 151] and limit evidence of an appropriate maintenance rate to plaintiff's actual expenses for food and lodging. A shipowner is not relieved of its duty to pay maintenance where it has forced an injured seaman into poverty and dependence on the charity of others. *See McWilliams v. Texaco, Inc.*, 781 F.2d 514, 518 (5th Cir. 1986). The court finds that evidence of the reasonable cost of food and lodging in South Bend, Indiana, where plaintiff was convalescing, is relevant to the determination of a reasonable maintenance amount. While plaintiff cannot collect more than the $45 per day defendants are paying in maintenance, he can argue to the jury that defendants were callous in failing to pay him a reasonable maintenance for approximately two years following his accident for purposes of seeking punitive damages. Defendant's motion is DENIED.

Defendants move to exclude evidence of the subsistence rate of $77.25 per day for food and lodging in the Terms and Conditions [ECF NO. 152]. This motion is related to the previous one, and the court finds that the contractual subsistence rate for uninjured seamen is relevant to the issue of determining a reasonable living allowance for an injured seaman. Defendants' motion is DENIED.

Defendants move to exclude evidence of the Claims Arbitration Agreement offered to plaintiff [ECF NO. 153]. Offers to compromise are inadmissible to prove liability or damages pursuant to FRE 408. The Claims Arbitration Agreement itself is not an offer to compromise or a settlement of plaintiff's claims. Defendants' motion is DENIED.

Defendants move to exclude testimony regarding privileged communications [ECF NO. 154]. Plaintiff states that he will not seek to introduce the content of any communication between defendants and counsel, but the fact, date and subject of such communications are not protected by the attorney-client privilege or work-product doctrine. The court holds that such evidence relating to communications with attorneys is admissible, limited to assessing the willfulness, if any, of defendants. As such, defendant's motion is DENIED. Given plaintiff's statement that he does not intend to elicit testimony or offer evidence as to defendants' communications with their P&I Club, the motion is GRANTED without prejudice. If plaintiff's intention in this regard changes, he must obtain prior permission from the court before asking any questions about defendants' communications with their P&I Club.

Defendants move to exclude testimony of certain members of plaintiff's family and friends [ECF NO. 155] as cumulative. Each witness

has a unique relationship with plaintiff and can offer different perspectives regarding the impact of the accident. The court DENIES defendants' motion.

Plaintiff moves to exclude evidence of any altercation between himself and Jerry Gilligan [ECF NO. 175-2]. The court finds that evidence of the altercation is relevant to plaintiff's credibility as a witness as well as to whether he would have been promoted or hired by another vessel but for his injury. Plaintiff's motion is DENIED.

Plaintiff moves to exclude evidence that defendants were contractually obligated to or could only pay plaintiff $8 per day in maintenance due to restrictions relating to labor laws [ECF NO. 175-3]. The court finds that defendants' witnesses are not precluded from testifying why they paid plaintiff $8 a day in maintenance. Plaintiff's motion is DENIED.

Plaintiff moves to exclude evidence that plaintiff was having an intimate relationship with a married woman [ECF NO. 175-4]. The court finds the evidence of the relationship is relevant to plaintiff's emotional damages, but the fact that the woman was married is not relevant. Therefore, no reference may be made to the marital status of the woman at issue. The motion is GRANTED in part and DENIED in part.

Plaintiff moves to exclude evidence of plaintiff's arrest for suspicion of driving under the influence of alcohol in the early 1990's [ECF NO. 175-7]. Any limited probative value is outweighed by its prejudicial effect. Plaintiff's motion is GRANTED.

Plaintiff moves to exclude evidence that he was an alcoholic or has a history of abusing alcohol prior to his accident [ECF NO. 175-8]. The court finds that any evidence of alcohol abuse before or after the accident is relevant and admissible. Plaintiff's motion is DENIED.

Plaintiff moves to exclude evidence requested but not produced by defendants in discovery [ECF NO. 157-9]. Plaintiff does not identify any witnesses or documents he seeks to exclude. The court DENIES plaintiff's motion without prejudice.

Plaintiff moves to exclude testimony or evidence produced by any M/V American Integrity crew member for which defendants did not provide contact information to plaintiff [ECF NO. 157-10]. In response, defendants identify the crew members they may call as witnesses. Plaintiff has deposed each of these crew members. The court DENIES plaintiff's motion without prejudice.

The above rulings are subject to appropriate objections at trial.

IT IS SO ORDERED.

Dated: March 20, 2019

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 20, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---