UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY TODD KNUDSON,

    Plaintiff,

vs.

M/V AMERICAN SPIRIT, et al.,

    Defendants.
_____/

Case No. 14-14854

HON. GEORGE CARAM STEEH

**ORDER REGARDING MOTIONS
IN LIMINE [ECF Nos. 231, 232, 233, 234]**

    This matter has come before the court on defendants' motion in limine to exclude evidence or argument regarding punitive damages [ECF No. 231]; defendants' renewed motion in limine to exclude evidence of future economic losses [ECF No. 232]; defendants' motion in limine to exclude certain trial deposition testimony of Natalie Klein [ECF No. 233]; and plaintiff's motion in limine to exclude evidence created by Medaire, Inc. [ECF No. 234]. The court does not believe that oral argument will aid its determination of these motions and thereby rules on the briefs as described below.

    Defendants move to exclude evidence, testimony or argument regarding the financial information of American as irrelevant to punitive

damages related to plaintiff's maintenance claim.  Maintenance and cure is an obligation under maritime law that a maritime employer has to its employees.  While Liberty is designated as plaintiff's employer, American took on several obligations typical of an employer.  For example, American trained and supervised plaintiff in the performance of his duties on the American vessel in which he served.  At the time of his injury, plaintiff was being supervised by the officers of the vessel, who were all American employees.  Most importantly for purposes of this motion, after his injury American paid plaintiff's maintenance payments and allegedly made the decision to withhold payment of a higher amount in order to force plaintiff to agree to arbitrate his claims.

As it relates to plaintiff's maintenance claim, it is the conduct of American that forms the basis for the request for punitive damages.  The court finds that American should be treated as plaintiff's employer for purposes of asserting punitive damages.  As such, American's financial condition is relevant to plaintiff's claim for punitive damages.

Defendants next argue that the court should limit any evidence, testimony or argument that would suggest an amount or calculation of punitive damages that would exceed a 1:1 ratio to any compensatory damages.  In support, defendants cite to the Supreme Court's decision in

*Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008), where the Court applied a 1:1 ratio of punitive to compensatory damages. The *Baker* ratio has been applied to maritime cases involving environmental contamination or vessel collisions. Other courts have determined that the 1:1 ratio does not apply to certain maintenance and cure actions where the shipowner's conduct was more reprehensible than Exxon's behavior. *See Clausen v. Icicle Seafoods*, 272 P.3d 827 (2012). The court finds this portion of defendants' motion to be premature and not the appropriate subject of a motion in limine. If there is a jury verdict as to punitive damages, defendants may bring an appropriate motion at that time.

Defendants' motion in limine is DENIED, subject to appropriate objections at trial.

Defendants renew their motion to exclude the testimony of Dr. Michael Thomson regarding plaintiff's future economic losses based on the court's statement that whether plaintiff would have advanced from his entry level rating with Liberty and thus earned higher wages in the future was speculative (ECF No. 226). Defendants argue the court, as gatekeeper of expert opinion, should not permit Dr. Thomson to submit unsubstantiated and speculative assertions to the jury at trial.

Dr. Thomson will be permitted to give his opinion based on the

evidence presented to him. If there is evidence to support the conclusion that plaintiff's advancement, absent injury, was all but assured, then Dr. Thomson can give his opinion regarding future economic losses based on such evidence.

Defendants' motion in limine is DENIED, subject to appropriate objections at trial.

Defendants move to exclude certain testimony of lay witness Natalie Klein. Federal Rule of Evidence 602 requires lay witnesses to testify from their own personal knowledge. Rule 802 makes testimony based on hearsay evidence inadmissible. Natalie Klein is plaintiff's friend and neighbor. A large amount of Mrs. Klein's trial deposition testimony is based on the hearsay statements of the plaintiff. For example, Mrs. Klein was not present on the vessel when plaintiff was injured, nor was she with him immediately afterward, but she testified about how the accident occurred and where plaintiff stayed immediately following the accident. She testified she knew this information because the plaintiff had told her about it. Similarly, she testified about plaintiff's injuries, pain, and ability to perform physical tasks after the accident based on what he told her. The same is true for her knowledge of plaintiff's emotional and mental health treatment, his ability to survive on the money defendants paid him after the

accident, and the fact that he enjoyed his previous employment in the Pacific fisheries.

The court orders that Mrs. Klein's deposition should be purged of any testimony not based on her firsthand knowledge of what she witnessed. To the extent that Mrs. Klein has firsthand knowledge of plaintiff before and after the accident, her testimony about the symptoms he displays, how his injuries have changed his life, and any other observations are admissible.

Defendants' motion in limine is GRANTED in part and DENIED in part.

Plaintiff moves to exclude certain evidence created by MedAire, a company that provides medical advisory services to vessels. The evidence at issue is certain audio recordings and notes made by MedAire personnel contacted by crew mates on the vessel hours after plaintiff's accident. MedAire spoke to the Captain and the first mate, John Onley, about the accident and plaintiff's injuries. Plaintiff specifically objects to the portion of the evidence stating that he "fell off the chair landing on the dock, approximately a 12-20 foot fall. He landed on his feet, 'stuck a perfect 10 landing . . . .'" This report was shown to the medical experts who then repeat some of this information in their own reports. Plaintiff seeks to exclude references to the MedAire evidence because it is hearsay

and is likely to confuse the issues and mislead the jury.

The court previously addressed these same arguments and denied plaintiff's prior motion in limine on the record on March 18, 2019 (ECF No. 195, pg. 21). For the same reasons, the court DENIES plaintiff's motion in limine, subject to the authentication of such evidence and appropriate objections at trial.

IT IS SO ORDERED.

Dated: March 25, 2020

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on March 25, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk