UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY TODD KNUDSON,

        Plaintiff,

vs.

Case No. 14-CV-14854

HON. GEORGE CARAM STEEH

M/V AMERICAN SPIRIT, et al.,

        Defendants.
_____/

ORDER GRANTING PLAINTIFF'S SECOND MOTION
TO DISMISS DEFENDANTS' REASSERTED AFFIRMATIVE
DEFENSE OF COMPARATIVE NEGLIGENCE [ECF NO. 211]

This matter comes before the court on plaintiff's motion to dismiss defendants' reasserted affirmative defense of comparative negligence. In their answer to plaintiff's second amended complaint, defendants asserted several affirmative defenses, including comparative negligence. The parties filed competing dispositive motions with plaintiff challenging a number of defendants' affirmative defenses in his motion for summary judgment [ECF No. 58]. In response to plaintiff's motion, defendants agreed to withdraw certain defenses, including the defense of comparative negligence [ECF No. 66]. On August 30, 2017, the court ruled on the remaining issues in the parties' competing motions.

On October 9, 2018, plaintiff filed a third amended complaint wherein he alleged that American Steamship Company was the employer of First Mate Jon Olney. Plaintiff asserted negligence against American Steamship Company under the doctrine of *respondeat superior* for the actions of Mr. Olney in connection with plaintiff's injuries. Defendants answered the third amended complaint and re-asserted the affirmative defense of comparative negligence [ECF No. 137].

The parties are now preparing for trial and defendants' proposed jury instructions include an instruction on comparative negligence. In response, plaintiff filed this motion to dismiss the affirmative defense because it is not supported by any evidence, or in the alternative because it is barred by judicial estoppel.

Defendants do not dispute that they have failed to identify any evidence in discovery to support the affirmative defense of comparable fault. Nevertheless, defendants explain their concern that evidence could be adduced at trial in "an unexpected way that would merit the jury's consideration of the comparative fault defense." (ECF No. 250, PageID 5099). After briefing the issue, the parties agree that the affirmative defense of comparative fault should be dismissed for lack of evidence, disagreeing only on whether such dismissal should be with or without

prejudice.

The court has the discretion to permit amendment of pleadings to conform to evidence presented at trial, as provided by Fed. R. Civ. P. 15(b). Therefore, the court, in dismissing defendants' affirmative defense of comparative fault for lack of evidentiary support, notes that such dismissal is without prejudice. Now, therefore,

IT IS HEREBY ORDERED that plaintiff's second motion to dismiss defendants' reasserted affirmative defense of comparative negligence is GRANTED without prejudice.

Dated: March 26, 2020

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 26, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk